LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-01814 GAF (DTBx) | Date | April 19, 2012 |
|---|---|---|---|
| Title | Aurora Loan Services LLC et al v. Joseph E Benoit et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:** (In Chambers)

**ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION**

Plaintiffs Aurora Loan Services, LLC ("ALS") and Aurora Bank FSB ("Aurora Bank") filed this action on March 2, 2012 against Joseph E. Benoit, Rosana Benoit (collectively, the "Benoits"), Eugenia Mancera, Rick Celestin, Anthony Acevedo, Haitian American Center for Business and Economic Development Inc., New SES Development Inc., HACBED Inc., Wayfield Holdings, and NSESD Associates (collectively, "Defendants"), in connection with the Benoits' execution of a promissory note to purchase real property in Riverside, California. (Docket No. 1 [Compl.] ¶¶ 21-22.)  Plaintiffs invoke this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  (Id. ¶ 15.)  However, for the reasons set forth below, the Court cannot presently determine the citizenship of all parties, and therefore cannot conclude that it has subject matter jurisdiction over this matter.

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ."  Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not.").

Federal courts are courts of limited jurisdiction, and the burden of establishing jurisdiction rests upon the party asserting it.  Kokkonen v. Guardian Life Ins. Co. of Am., 511

LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-01814 GAF (DTBx) | Date | April 19, 2012 |
|---|---|---|---|
| Title | Aurora Loan Services LLC et al v. Joseph E Benoit et al. | | |

U.S. 375, 377 (1994).  Federal courts have jurisdiction on the basis of diversity of citizenship if the amount in controversy exceeds $75,000 and if the matter is between citizens of different states.  28 U.S.C. § 1332(a).  "Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity, i.e. every plaintiff must be diverse from every defendant."  Osborn v. Metropolitan Life Ins. Co., 341 F. Supp. 2d 1123, 1126 (E.D. Cal. 2004).  For purposes of diversity, a person's state of citizenship is "determined by her state of domicile."  Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  A corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  "[A]n LLC is a citizen of every state of which its owners/members are citizens."  Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).

  Plaintiffs have failed to properly allege the citizenship of a number of defendants.  First, Plaintiffs allege that ALS is a limited liability company, but fail to allege the states of citizenship of its members.  (Compl. ¶ 1.)  Second, Plaintiffs allege that Eugenia Mancera, Rick Celestin, and Anthony Acevedo are domiciled in "either the State of California or the State of Florida."  (Id. ¶¶ 4–6.)  However, "[a]bsent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."  Kanter, 265 F.3d at 857.  Third, Plaintiffs fail to allege either the states of incorporation or the principle places of business for either New S.E.S. Development, Inc. or HACBED, Inc.  (Id. ¶ 9.)  Finally, Plaintiffs allege that NSESD Associates and Wayfield Holdings are "unregistered fictitious business names," but fail to allege whether these Defendants are corporations, unincorporated entities, national banking associations, or trusts, and fail to allege their states of citizenship.  (Id. ¶ 10.)  The Court is therefore unable to conclude that complete diversity exists in this case.

  Accordingly, Plaintiffs are hereby **ORDERED TO SHOW CAUSE no later than Friday, April 27, 2012**, as to why the Court should not dismiss this case for lack of subject matter jurisdiction.  **<u>Failure to respond by this deadline will be deemed consent to dismissal</u>**.

  **IT IS SO ORDERED.**